```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


AIR & LIQUID SYSTEMS CORP ET     :
AL,                              :
                                 :
     Plaintiffs,                 :
                                 :
     v.                          :   CASE NO. 3:12MC51(AWT)
                                 :
ALLIANZ UNDERWRITERS INSURANCE   :
CO. ET AL,                       :
                                 :
     Defendants.                 :
```

ORDER OF TRANSFER

Pending before the court is Motion to Quash, doc. #1, filed pursuant to Fed. R. Civ. P. 45 by nonparty General Reinsurance Corporation ("Gen Re").[1]

A. Background

The subpoena that Gen Re seeks to quash was served by Howden North America ("HNA"), who is the plaintiff in a declaratory judgment action pending in the Western District of Pennsylvania. At issue in the underlying action are the obligations of over 30 insurers with respect to asbestos personal injury claims against HNA.

One of HNA's claims pertains to the prospective obligations of General Star International Indemnity Ltd. ("GSIIL") under a

---

[1] The Honorable Alvin W. Thompson, Chief Judge of the United States District Court for the District of Connecticut, referred the motion to the undersigned. (Doc. #4.)

1998 insurance policy. GSIIL was a direct subsidiary of Gen Re until November 2010 when Gen Re, pursuant to English law, transferred GSIIL to Faraday Reinsurance Co. Limited ("Faraday"), another Gen Re subsidiary.[2] HNA has filed motions to compel in the underlying case seeking documents and depositions regarding the transfer and the pending liquidation of GSIIL. In response, GSIIL and Faraday moved for a protective order. In March 2012, District Judge Joy Flowers Conti appointed a special master to resolve the discovery dispute, and the special master filed a Report and Recommendation in April 2012. (See Air & Liquid Systems Corp. et al. v. Allianz Underwriters Insurance Co. et al., No. 2:11cv247(JFC)(W.D. Penn.), doc. #392.)

In April 2012, days after the special master's Report and Recommendation was filed, HNA served a subpoena on nonparty Gen Re in Stamford, Connecticut seeking documents and depositions relating to the GSIIL's assets, the transfer of GSIIL to Faraday, and Gen Re's internal assessments of the 1998 Policy and HNA's asbestos claims. Two weeks after the subpoena was issued, Gen Re filed the pending Motion to Quash, arguing that the requested information is beyond the scope of the special

---

[2] Both GSIIL and Faraday are English companies.

master's Report and Recommendation[3] and is irrelevant, duplicative and unduly burdensome.

In April 2012, GSIIL and Faraday filed objections in the underlying case to the special master's Report and Recommendation.  (See id., doc. #400.)  Judge Conti heard oral argument on August 7, 2012 and issued oral rulings.

Regarding the pending Motion to Quash, this court invited Gen Re and HNA to submit their views as to whether the motion should be transferred to the Western District of Pennsylvania. Gen Re and HNA have stipulated their consent to a transfer. (Doc. #16.)

B.  Discussion

Outside the context of multidistrict litigation, the District of Connecticut has not addressed the question of whether the district court has the authority to transfer a Rule 45 motion to the district in which the underlying action is pending.  However, the court is guided by the thorough and reasoned opinion of Senior Judge Charles S. Haight, formerly of the Southern District of New York and currently sitting in the District of Connecticut, in Stanziale v. Pepper Hamilton LLP,

---

[3] HNA consented to limit the scope of the subpoena to be commensurate with discovery permitted in the underlying case. (GRC's Mem. at 7; HNA's Mem. at 7.)

3

No. M8-85 (Part I) (CSH), 2007 WL 473703 (S.D.N.Y. Feb. 9, 2007) (transferring Rule 45 motion to compel).[4]

In Stanziale, Judge Haight collected cases for and against the proposition that a district court may transfer Rule 45 motions and concluded that "the greater weight of authority" authorized such a transfer. Id. at *3-4. He then analyzed whether a transfer in that case would further the objectives of Rule 45 and the interests of justice. First, Judge Haight reasoned that the transfer would not run afoul of the Rule 45 objective of protecting the nonparty from undue burden or expense because the nonparty expressly preferred the district in which the underlying case was pending. Id. at *4 (citing Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment; David D. Siegel, Practice Commentaries, Fed. R. Civ. P. 45 (it is "of course the nonparty whose convenience Rule 45 is most concerned about protecting")). Second, Judge Haight considered whether a transfer would fulfill the broader objective of the Rules "'to secure the just, speedy, and inexpensive determination of every action.'" Id. at *5 (quoting Fed. R. Civ. P. 1). He noted that the underlying court was readily familiar with the facts and already had had the opportunity to consider the legal issues.

---

[4] Cf. Westernbank Puerto Rico v. Kachkar, No. M8-85 X3 (Part I), 07-1606 (ADC-BJM), 2009 WL 856392, at *2-3 (S.D.N.Y. Mar. 27, 2009) (declining to opine on district court's authority to transfer Rule 45 motion).

4

Noting also that the legal issues were bound up with questions of relevance, he observed that "courts have found it appropriate for the court presiding over the underlying dispute to decide questions of relevance."  Id. (citing Smithkline Beecham Corp. v. Synthon Pharm. Ltd, 210 F.R.D. 163, 169 n.7 (M.D.N.C. 2002)). Finally, based on the movant's arguments, Judge Haight determined a transfer would not prejudice the movant.  He concluded that "because the subpoenaed nonparty is amenable to transfer of this dispute, and because the presiding judge in the [underlying case] is better positioned to evaluate the battling claims . . ., I find that transfer will best serve the interests of justice and judicial efficiency."  Id. at *6.

    Here, as in Stanziale, the convenience to the nonparty is not a concern because Gen Re expressly stipulated to the transfer of the motion.  For the same reason, there is no prejudice to Gen Re as the movant.  As for the interests of justice, the court in which the underlying litigation is pending is familiar both with the complex factual background and the legal issues, including relevance, on which the court made rulings based on the recommendation of the special master and oral argument.  The parties have agreed that the scope of the subpoena should be commensurate with the scope of discovery permitted in the underlying case.  In light of these factors, the presiding judge in the Western District of Pennsylvania is

5

better positioned to determine the proper scope of the subpoena at issue.

    C.  Conclusion

For the foregoing reasons, the Motion to Quash, doc. #1, is respectfully transferred to the Western District of Pennsylvania to be considered in connection with the pending case of <u>Air & Liquid Systems Corp. et al. v. Allianz Underwriters Insurance Co. et al.</u>, No. 2:11-cv-247(JFC) (W.D. Penn. filed Feb. 24, 2011).

SO ORDERED at Hartford, Connecticut this 23rd day of August, 2012.

                              _____/s/_____
                              Donna F. Martinez
                              United States Magistrate Judge